

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
MAR 20 2014
ARTHUR JOHNSTON
BY_____DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**CHRISTOPHER C. LUKE**                                                    **PLAINTIFF**

**VS.**                                        CIVIL ACTION NO. 3:14cv240 DPJ-FKB

**NESHOBA COUNTY, MISSISSIPPI;**
**SHERIFF TOMMY G. WADDELL, Individually and in**
**His Official Capacity; JIMMY REID, NESHOBA COUNTY**
**JAIL ADMINISTRATOR, Individually and in His Official**
**Capacity; NICK WALKER, JAILER, Individually and in His**
**Official Capacity; HARVEY HICKMAN, JAILER, Individually**
**and in His Official Capacity; JAMIE HUTCHESON, JAILER,**
**Individually and in His Official Capacity;**
**and JOHN AND JANE DOES 1-10**                                    **DEFENDANTS**

### COMPLAINT

### (JURY TRIAL REQUESTED)

COMES NOW, the Plaintiff, Christopher C. Luke, by and through counsel of record, and

files suit to recover damages against Neshoba County, Mississippi; Sheriff Tommy G. Waddell,

Individually and in His Official Capacity; Jimmy Reid, Neshoba County Jail Administrator,

Individually and in his Official Capacity; Nick Walker, Jailer, Individually and in His Official

Capacity; Harvey Hickman, Jailer, Individually and in His Official Capacity; Jamie Hutcheson,

Individually and in His Official Capacity; and John and Jane Does 1-10, and for cause of action

states the following facts:

1. Plaintiff is an adult resident citizen of the City of Philadelphia, County of Neshoba, State

of Mississippi.

2. Defendant Neshoba County, Mississippi (hereinafter referred to as "Neshoba County") is

a political subdivision of the State of Mississippi, organized and existing pursuant to Mississippi statutes and can be served with process of this Court by serving the Clerk of the Board of Supervisors or the President of the Board of Supervisors at 401 East Beacon Street, Suite 201, Philadelphia, Mississippi 39350.

3. Defendant Sheriff Tommy G. Waddell is the duly elected, acting and serving Sheriff of Neshoba County, Mississippi, and is being joined as a Defendant herein in his capacity as Sheriff of Neshoba County, a constitutional officer of Neshoba County, and in his capacity as an individual. As such, he was the commanding officer of the John and Jane Doe Defendants, and he was responsible for their hiring, training, supervision and conduct. He was also responsible for enforcing the regulations of the Neshoba County Sheriff's Department, and insuring that sheriff personnel obey the laws of the State of Mississippi and the United States of America. He may be served with process at the Sheriff's Department of Neshoba County, 401 Beacon Street, Suite 108, Philadelphia, Mississippi 39350.

4. Jimmy Reid is, or was at the time of the incidents set forth in this Complaint, the Jail Administrator for the Neshoba County Jail. He may be served with process by serving him at his last known place of employment, Neshoba County Jail, 920 Chestnut Street, Philadelphia, Mississippi 39350.

5. Nick Walker is, or was at the time of the incidents set forth in this Complaint, a Jailer for the Neshoba County Jail. He may be served with process by serving him at his last known place of employment, Neshoba County Jail, 920 Chestnut Street, Philadelphia, Mississippi 39350.

6. Harvey Hickman is, or was at the time of the incidents set forth in this Complaint, a Jailer for the Neshoba County Jail. He may be served with process by serving him at his last known place

of employment, Neshoba County Jail, 920 Chestnut Street, Philadelphia, Mississippi 39350.

7. Jamie Hutcheson, is, or was at the time of the incidents set forth in this Complaint, Jailer for the Neshoba County Jail. He may be served with process by serving him at his last known place of employment, Neshoba County Jail, 920 Chestnut Street, Philadelphia, Mississippi 39350.

8. Defendants John and Jane Does 1-10 are corporations, individuals, partnerships, associations or other entities whose identities are unknown to the Plaintiff at the present but who are responsible for negligent acts and/or omissions that contributed to Plaintiff's injuries. Plaintiff should be allowed to amend his Complaint pursuant to F.R.C.P. 9(h) to include the correct identity of such corporations, individuals, partnerships, associations or other entities as Defendants herein at such time as the same may be ascertained by Plaintiff and hereby respectfully requests leave of the Court to do so.

9. At all times relevant hereto, in all their actions, conducts, decisions and omissions described herein, the named Defendants were acting under color of state law.

## JURISDICTION AND VENUE

10. The cause of action accrued in Neshoba County, Mississippi, wherein the damages claimed comport with the jurisdictional requirements of this Court. Additionally, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that the Plaintiff alleges certain claims under the United States Constitution, particularly under the provisions of the Fourteenth Amendment to the Constitution of the United States which are brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. This action also seeks monetary damages for violations and deprivations of Plaintiff's federal constitutional rights. Furthermore, the Court has pendant jurisdiction over the Mississippi state law claims arising under the Mississippi Tort Claims Act. The Plaintiff has complied with all

-3-

notices dictated by Miss. Code Ann. § 11-46-1, *et seq.*, and venue is proper herein the Southern District of Mississippi, Northern Division.

## FACTS

11. The acts alleged to have been done by Defendants were committed under the color of the authority of the laws of the State of Mississippi, the County of Neshoba and under their authority as law enforcement agencies and/or law enforcement officers for Neshoba County in Neshoba County, Mississippi. The Plaintiff was injured while incarcerated at the Neshoba County Jail.

12. In the early morning hours on May 25, 2013, while Plaintiff was sleeping at his home, City of Philadelphia police officers came to his home without a search warrant and wrongfully arrested him for possession of methamphetamine. Plaintiff was taken to the Neshoba County Jail for housing.  Plaintiff has never been indicted for the charges stemming from May 25, 2013.

13. While being housed at the Neshoba County Jail, on May 28, 2013, the Plaintiff was attempting to use the telephone when he was struck in the right side of his head by inmate Corderius Terrel Smith. Subsequently, Plaintiff was struck in the head, face, back and neck and pepper sprayed and dragged by Jail Administrator Jimmy Reid, Nick Walker, Harvey Hickman, Jamie Hutcheson and Sheriff Waddell. He was placed in the "drunk tank" until Thursday, May 30, 2013. Plaintiff's father, Danny Luke, called to check on his son on Tuesday, May 28, 2013 after he did not receive a telephone call from him that day. Officer Smith advised Mr. Luke that his son was okay. Mr. Luke's father did not hear from Plaintiff on May 29 or 30, 2013 which was unusual. On May 30, 2013, Mr. Luke contacted the jail and spoke with Tanya Rainey who advised Mr. Luke that Plaintiff had received some injuries on May 28, 2013 sometime between 12:30 and 1:00 o'clock p.m. She advised that he needed treatment since May 28, 2013. Around 11:00 o'clock a.m. on May 30, 2013,

-4-

Bill Cox, former Chief of Police of Philadelphia, Mississippi, advised Mr. Luke to meet him at Neshoba General Hospital and they would release Plaintiff into Danny Luke's custody. Plaintiff was released into his father's custody and no further action has been taken in relation to those charges.

14. Defendants did not seek immediate help or treatment for the Plaintiff's injuries. Approximately 2 days later, when the nurse was allowed to evaluate him, it was decided to take him to Neshoba County Hospital for further evaluation.

15. Plaintiff was transferred from Neshoba General Hospital to Anderson's trauma center where he was treated by Dr. David Malloy, a neurosurgeon. It was determined that Plaintiff suffered right frontal and temporal contusions with edema. Plaintiff also suffered a left temporal bone fracture. Plaintiff had multiple bruises about his body including both of his eyes, the right side of his forehead, the right side of his jaw, his right ear and front and back, behind his ear and going down his neck, lesions on the back of his neck and his back, a cut above his right eyebrow, and his right wrist was cut and bruised. Plaintiff has suffered permanent bilateral hearing loss secondary to head trauma. The left ear is completely nonfunctional and the right ear has significant hearing loss. A pretrial detainee has a federally protected right to appropriate medical care.

16. Plaintiff's detention in the Neshoba County Jail placed him under the custody, supervision and safety of the Neshoba County Sheriff's Department and Neshoba County, Mississippi. Plaintiff believes that he was totally innocent in causing or provoking all of the violent assaults upon him and that his injuries could have been prevented.

17. Defendants are charged with causing serious bodily injuries to the Plaintiff and using excessive force or force that was disproportionate to that required by the situation.

18. Defendants are charged with deliberate indifference in that they had subjective knowledge

that Plaintiff suffered serious injuries and they did not seek immediate help for his injuries.

19. Defendants are charged with deliberate indifference in failing to provide Plaintiff with the necessary medical treatment for his serious injuries. Defendants denied Plaintiff the required medical treatment for his injuries. Defendants had subjective knowledge of a substantial risk of serious harm to Plaintiff, but responded with deliberate indifference to that risk.

20. On May 28, 29 and 30, 2013, Defendants ignored Plaintiff's complaints, refused to treat him, intentionally treated him incorrectly with deliberate indifference for his medical needs, and finally after approximately 48 hours had elapsed and after recommendation from the jail nurse, decided to take him to Neshoba County Hospital. Defendants clearly evinced wanton disregard for Plaintiff's serious medical needs.

21. As a result of Defendants' use of excessive force and/or force which was disproportionate to that which was required by the situation and/or cruel and unusual punishment , Plaintiff suffered permanent damages, including permanent hearing loss. Defendants allowed and required Plaintiff to suffer permanent injuries, including permanent hearing loss by using excessive force and/or force which was disproportionate to that which was required by the situation and/or cruel and unusual punishment.

22. As a result of Defendants' deliberate indifference, Plaintiff suffered permanent damages, including permanent hearing loss. Defendants caused, allowed and required Plaintiff to suffer permanent hearing loss and other injuries, by acting with deliberate indifference and failing to provide Plaintiff with the required medical attention that he needed.

**COUNT I.**

**<u>VIOLATION OF CONSTITUTIONAL RIGHTS- NESHOBA COUNTY, MISSISSIPPI</u>**

23. Plaintiff adopts by reference all statements made hereinbefore and for cause of action under Count I of the Complaint states the following facts:

24. 42 U.S.C. § 1983 provides a cause of action to individuals who have been deprived of any rights, privileges, or immunities secured by the Constitution of the United States of America, and this cause of action is brought by the Plaintiff against the Defendant Neshoba County, Mississippi for deprivation by its agents, servants, or employees, of constitutional rights within the meaning of 42 U.S.C. 1983.

25. Neshoba County's official policies, practices and customs and the individual Defendants' errors, omissions and failures deprived Plaintiff of life, liberty and the pursuit of happiness without substantive due process in contravention of the Fourteenth Amendment of the United States Constitution as a result of Neshoba County's written and unwritten policies, practices and customs and the individual Defendants' errors, omissions and failures to protect and secure Plaintiff as a detainee and the errors, omissions and failures to provide medical attention, care and examination to Plaintiff. Defendants' acts and omissions were in violation of federal law, rules and regulations providing safety and certain benefits entitlement to Plaintiff.

26. Plaintiff had a constitutional right, under the Due Process Clause of the Fourteenth Amendment and the Fifth Amendment, not to have the Defendants use excessive force and/or force which was disproportionate to that which was required by the situation and/or cruel and unusual punishment. Defendants allowed and required Plaintiff to suffer permanent injuries, including permanent hearing loss by using excessive force and/or force which was disproportionate to that

-7-

which was required by the situation and/or cruel and unusual punishment.

27. Plaintiff had a constitutional right, under the Due Process Clause of the Fourteenth Amendment and the Fifth Amendment, not to have his serious medical needs met with deliberate indifference on the part of the confining officials. Defendants have an official written or unwritten custom and policy or widespread non-episodic practice of failing to exercise ordinary and reasonable care, under the circumstances for the preservation of detainees' life and health and a policy of failing to take adequate measures to ensure the safety of detainees.

28. Defendant Neshoba County and its Sheriff, as policymakers for the jail caused a constitutional violation by their conscious decisions, policies and customs or widespread non-episodic practice to not provide Plaintiff a reasonable degree of personal safety, to subject him to serious bodily harm, and not provide for serious medical needs.

29. Under Mississippi law, the Neshoba County Board of Supervisors and the Sheriff are final policymakers for the Neshoba County Jail and their edicts or acts represent official policy and custom of Neshoba County.

30. Plaintiff charges that the Defendants acted together and in concert to cause great bodily injuries to the Plaintiff.

31. Plaintiff charges that the Defendants acted together and in concert to deprive the Plaintiff of reasonable and timely medical attention. This allegation includes the willful and wanton acts and omissions of the Defendants, to report and to act in a reasonable manner to obtain medical treatment for the Plaintiff.

32. Plaintiff charges that he was subjected to excessive force and/or force which was disproportionate to that which was required by the situation, and/or cruel and unusual punishment,

through the negligent acts and omissions of the Defendants, including Defendant Sheriff and who are vicariously liable to the Plaintiff. The excessive force and/or force which was disproportionate to that which was required by the situation, and/or cruel and unusual punishment brought about by both intentional and negligent acts and omissions of these Defendants include subjecting him to the violent assault by Defendants. The excessive force and/or force which was disproportionate to that which was required by the situation, and/or cruel and unusual punishment as alleged herein included the negligent and intentional acts of all Defendants acting together and in concert to deprive the Plaintiff of reasonable and timely medical attention. For example, he was injured by the direct and intentional assault and battery by the Defendants on May 28, 2013 and was not seen by a medical doctor until May 30, 2013, and then only because the jail nurse recommended that he receive treatment. This allegation includes the willful and wanton acts and omissions of the Defendants to report and to act in a reasonable manner to obtain medical treatment for the Plaintiff.

## COUNT II.

### NEGLIGENT HIRING, TRAINING, AND SUPERVISION

33. Plaintiff adopts by reference all statements made hereinbefore and for cause of action under Count II of the Complaint states the following facts:

34. Defendant Neshoba County and Defendant Waddell violated the Plaintiff's substantive and procedural due process rights which are protected under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and the Mississippi Constitution by failing to make sufficient inquiry before hiring said individuals to become officers, jailers, and employees for Neshoba County, as well as to properly train and supervise its officers, jailers and employees.

35. The constitutional deprivation was caused by Defendant Neshoba County and Defendant

-9-

Waddell's lack of appropriate hiring practices and procedures, as well as its lack of training and supervision regarding its officers, jailers and employees.

36. The aforementioned actions were not isolated incidents. Neshoba County has a long history, pattern, practice and custom of its officers, *inter alia*, using excessive force or force which was disproportionate to that required by the situation, causing serious bodily injuries to those in custody and failing to provide medical attention. The policymakers for the Neshoba County were deliberately indifferent to this custom.

37. Defendant Neshoba County and Defendant Waddell failed to control the officers, jailers, and other employees' known propensity for the constitutional violations which are alleged to have committed by the officers, jailers, and other employees', including the Sheriff, herein, and showed a deliberate indifference to the existence of the pattern of similar violations arising from the training which was so clearly inadequate as to be obviously likely to result in such violations as alleged by the Plaintiff herein.

38. The highly predictable consequence of Defendant Neshoba County and Defendant Waddell's failure to appropriately hire, train, and supervise officers, jailers and employees, including the Sheriff, resulted in the specific injuries suffered by the Plaintiff, and said failures represented the moving force behind the constitutional violations alleged by the Plaintiff.

39. Defendants Neshoba County and Sheriff Waddell failed and refused to properly and adequately hire, supervise, and train the officers, jailers and employees of the Neshoba County Sheriff's Department.

40. Defendants and/or their employees had knowledge of the wrongs and misconduct alleged and had the power the prevent the commission of said misconduct and negligently failed or refused

-10-

to do so when by reasonable diligence they could have prevented said acts.

41. As a direct and proximate result of the actions of the Defendants, the Plaintiff has suffered emotional distress, pain and suffering, physical injuries and disabilities, and other such damages as will be shown at trial.

## COUNT III.

### VIOLATION OF CONSTITUTIONAL RIGHTS- TOMMY G. WADDELL, JIMMY REID, NICK WALKER, HARVEY HICKMAN, JAMIE HUTCHESON

42. Plaintiff adopts by reference all statements made hereinbefore and for cause of action under Count III of the Complaint states the following facts:

43. This cause of action is brought by the Plaintiff against Defendants Tommy G. Waddell, Jimmy Reid, Nick Walker, Harvey Hickman, Jamie Hutcheson, and John and Jane Does 1-10 in both their official and individual capacities for their willful, wanton and malicious use of excessive force and abuse under the color of law that deprived the Plaintiff of his constitutional rights under the Fourteenth Amendment of the Constitution of the United States of America. Defendants used excessive force and/or force that was disproportionate to that which was necessary for the situation alleged by the Plaintiff herein, and thereby deprived the Plaintiff of his constitutional rights under the Fourteenth Amendment to the United States Constitution.

44. As a direct and proximate result of the unconstitutional acts of the Defendants, the Plaintiff has suffered severe and permanent physical and emotional injuries, as well as medical expenses, lost wages, damage to his reputation, past, present and future humiliation, and other damages to be shown at the trial of this matter.

45. Defendants, while acting in their official and/or individual capacities under color of law,

willfully, intentionally and maliciously used excessive force and/or force which was disproportionate to that which was required by the situation alleged by the Plaintiff herein.

46. Defendants are charged with deliberate indifference in that they had subjective knowledge that Plaintiff suffered serious injuries and they did not seek immediate help for his injuries.

47. Defendants are charged with deliberate indifference in failing to provide Plaintiff with the necessary medical treatment for his serious injuries. Defendants denied Plaintiff the required medical treatment for his injuries. Defendants had subjective knowledge of a substantial risk of serious harm to Plaintiff, but responded with deliberate indifference to that risk.

48. The intentional, willful and wanton acts of the Defendants establishes a claim for punitive damages by Plaintiff against Defendants.

## COUNT IV.

### VIOLATION OF RIGHTS GUARANTEED TO THE PLAINTIFF BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

49. Plaintiff adopts by reference all statements made hereinbefore and for cause of action under Count IV of the Complaint states the following facts:

50. As provided by the Fourteenth Amendment, the Plaintiff was deprived of equal protection of the law and did not receive the customary and required protection during the course of his confinement by the Defendants.  A pretrial detainee such as the Plaintiff is entitled to and this Amendment to the Constitution requires that he be given equal protection under the law.  This provision also provides that no person shall be deprived of life, liberty or property without due process of law.

51. The Defendants acted with callous disregard for the rights of the Plaintiff.  The

Defendants responded with deliberate indifference after causing serious and permanent bodily injuries to the Plaintiff. Plaintiff had a constitutional right to be secure in his basic human needs such as medical care and safety, to which requirements the Defendants, collectively and individually, failed to act with deliberate indifference to the Plaintiff's needs, all in violation of the rights guaranteed under the Fourteenth Amendment.

**COUNT V.**

**VIOLATION OF ARTICLE 3, SECTION 14 AND
SECTION 28 OF THE MISSISSIPPI CONSTITUTION**

52. Plaintiff adopts by reference all statements made hereinbefore and for a cause of action under Count V of the Complaint states the following facts:

53. As set forth in the statute, 42 U.S.C.A. § 1983, a cause of action accrues in favor of the Plaintiff where any rule, regulation, or constitutional provision has been violated. Plaintiff charges that the rights guaranteed to him under the Constitution of the State of Mississippi, Article 3, dealing with the Bill of Rights; Section 14 dealing with due process; and Section 28 prohibiting excessive force and/or cruel or unusual punishment provide causes of action similar to those alleged for violating the guarantees to the Plaintiff under the United States Constitution.

54. As stated herein above, the facts beginning with the assault and battery by Terrell Smith and the intentional assault upon the Plaintiff by the Defendants, including Defendants Waddell, Reid, Walker, Hickman and Hutcheson, on May 28, 2013 contumaciously and callously violated the Plaintiff's rights under these provisions of the Mississippi Constitution and by and through the provisions of 42 U.S.C.A. § 1983, the Plaintiff has claims and causes of action for damages arising from his personal injuries as well as the extended long term permanent partial disability to the

-13-

nerves, anatomies, and functions of his ears.

55. Plaintiff charges that his injuries and damages are the direct and proximate result of violating his rights under the Constitution of the State of Mississippi.

56. As a direct and proximate cause of negligence of the Defendants and/or their agents, the Plaintiff has suffered damages in the form of emotional pain and suffering, humiliation, embarrassment, damage to his reputation, inconvenience, loss of time, loss of wage earning capacity, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as well as pecuniary losses, including lost wages and attorney's fees, in endeavoring to protect himself from the Defendants' improper conduct.

## COUNT VI.

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff adopts by reference all statements made hereinbefore and for cause of action under Count VI of the Complaint states the following facts:

58. Defendants' extreme and outrageous conduct intentionally or recklessly caused severe and emotional distress to Plaintiff for which he is entitled to recover, jointly and severally. As a result of the actions of the Defendants, the Plaintiff has suffered damages in the form of emotional pain and suffering, humiliation, embarrassment, damage to his reputation, inconvenience, loss of time, loss of wage earning capacity, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as well as pecuniary losses, including lost wages and attorney's fees, in endeavoring to protect himself from the Defendants' improper conduct.

59. Defendants' actions were undertaken with actual malice, or in such an intentional, willful, wanton or reckless manner as to warrant an imposition of punitive damages jointly and severally in

-14-

an amount to be determined at trial sufficient to deter them from such conduct in the future.

60. As a direct and proximate cause of negligence of the Defendants and/or their agents, the Plaintiff has suffered damages in the form of emotional pain and suffering, humiliation, embarrassment, damage to his reputation, inconvenience, loss of time, loss of wage earning capacity, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as well as pecuniary losses, including lost wages and attorney's fees, in endeavoring to protect himself from the Defendants' improper conduct.

## COUNT VII.

### **GENERAL NEGLIGENCE**

61. Plaintiff adopts by reference all statements made herein before and for a cause of action under Count VII for general negligence, states the following, to-wit:

62. The Defendants and/or their agents, servants, and/or employees knew or should have known that their behavior would cause injury to the Plaintiff.

63. Defendants are charged with deliberate indifference in that they had subjective knowledge that Plaintiff suffered serious injuries and they did not seek immediate help for his injuries.

64. Defendants are charged with deliberate indifference in failing to provide Plaintiff with the necessary medical treatment for his serious injuries. Defendants denied Plaintiff the required medical treatment for his injuries. Defendants had subjective knowledge of a substantial risk of serious harm to Plaintiff, but responded with deliberate indifference to that risk.

65. As a direct and proximate cause of negligence of the Defendants and/or their agents, the Plaintiff has suffered damages in the form of emotional pain and suffering, humiliation, embarrassment, damage to his reputation, inconvenience, loss of time, loss of wage earning capacity,

-15-

mental anguish, loss of enjoyment of life, and other non-pecuniary losses, as well as pecuniary losses, including lost wages and attorney's fees, in endeavoring to protect himself from the Defendants' improper conduct.

66. The acts and/or omissions of the Defendants were such as to amount to gross negligence so as to entitle Plaintiff to punitive damages as well as actual damages.

## COUNT VIII.

### PUNITIVE DAMAGES

67. Plaintiff adopts by reference all statements made herein before and for a cause of action under Count VIII for punitive damages, states the following, to-wit:

68. The actions and conduct of the individual Defendants as alleged herein were done in such willful and wanton disregard for the rights of the Plaintiff, that he is entitled to recover of, from, and against Defendants punitive damages over and above the actual and compensatory damages sustained by Plaintiff as a result of Defendants' outrageous conduct; and the deprivations set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff sues and demands judgment from the Defendants in a sum found by the jury to provide reasonable compensation for the personal injuries, including all medical expenses, as well as damages of every type and kind, past, present and future, punitive damages, plus attorney's fees and court costs and prejudgment interest accruing on the damages award from May 28, 2013, until paid. Plaintiff further prays for such relief as may be necessary and proper and to which he is otherwise entitled pursuant to the provisions of 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Amendments to the United States Constitution, and other and further relief under the laws of the State of Mississippi.

A trial by jury is hereby requested.

RESPECTFULLY SUBMITTED this 20th of March, 2014.

CHRISTOPHER C. LUKE, PLAINTIFF

BY: _____

BOB WALLER (MSB #6912)

OF COUNSEL:

WALLER & WALLER, ATTORNEYS
220 South President Street (39201)
Post Office Box 4
Jackson, Mississippi 39205-0004
Telephone: (601) 354-5252
Facsimile: (601) 354-2681

-17-