IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER LUKE                                                                                          PLAINTIFF

VS.                                                                      CIVIL ACTION NO. 3:14-cv-240-DPJ-FKB

NESHOBA COUNTY, MISSISSIPPI, ET AL.                                              DEFENDANTS

## ANSWER AND DEFENSES
## TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COME NOW Defendants Tommy Waddell, Jimmy Reid, Nick Walker, Harvey Hickman, Billy Guess, Angel Crockett, Josh Burt, and Ken Spears, individually and in their official capacities, and Neshoba County, Mississippi, and respond to the Plaintiff's Second Amended Complaint as follows:

### FIRST DEFENSE

The Second Amended Complaint filed herein against these Defendants fails to state a claim upon which relief may be granted against them and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. These Defendants further raise all other defenses available to them pursuant to Rule 12(b)(1) through (7) of the Federal Rules of Civil Procedure, including insufficiency of service of process, and move to dismiss thereto as applicable.

### SECOND DEFENSE

With respect to any state law claims asserted against these Defendants in Plaintiff's Second Amended Complaint, if any, these Defendants invoke the provisions of MISS. CODE ANN. § 11-46-1, *et seq.*, referred to as the Mississippi Tort Claims Act and all the privileges, defenses and immunities afforded them therein. Such protections under the MTCA include, but are not limited to, provision of a bench trial for all claims governed by the MTCA and the prohibition of punitive damages.

Defendants also assert immunity under MISS. CODE ANN. §§ 11-46-9(1)(c), -(d), and -(m), and any other provision of the MTCA which provides them with immunity from suit.  Defendants also invoke the notice requirements set forth in MISS. CODE ANN. § 11-46-11 and aver that Plaintiff's Second Amended Complaint may need to be dismissed for failure to comply therewith.

### THIRD DEFENSE

### ANSWER

Without waiving the right to be heard on the foregoing defenses, these Defendants respond to the Plaintiff's Second Amended Complaint against them, paragraph by paragraph, as follows:

1. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Second Amended Complaint, and, therefore, can neither admit nor deny at this time.

2. Admitted.

3. It is admitted that Tommy Waddell is the duly elected sheriff of Neshoba County, Mississippi, and has certain duties and responsibilities under state and federal law.  The remaining allegations contained in Paragraph 3 of the Second Amended Complaint are denied as stated.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. The allegations contained in Paragraph 11 of the First Amended Complaint are not directed to these Defendants and no response is required.

12. Admitted.

## JURISDICTION AND VENUE

13. Defendants admit that jurisdiction and venue are proper. The remaining allegations contained in Paragraph 9 of the Second Amended Complaint are denied as stated. These Defendants further deny or dispute that Plaintiff has complied with the MTCA's mandatory notice requirements at this time.

## FACTS

14. Defendants admit that at all times relevant to this action, the individual Defendants were acting under color of state law as law enforcement officers for Neshoba County, Mississippi. Defendants further admit that Plaintiff sustained certain injuries while housed at the Neshoba County Jail. The remaining allegations contained in Paragraph 14 of the Second Amended Complaint are denied as stated.

15. Defendants admit that Plaintiff was arrested by the city police department and taken to the Neshoba County Jail for housing. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15 of the Second Amended Complaint, and, therefore, the same are denied.

16. Defendants admit that Plaintiff was struck by another inmate, William Smith, on May 28, 2013, while being housed at the Neshoba County Jail, and that Plaintiff was subsequently separated from the other inmates in his housing block. Defendants further admit that Plaintiff's father called, and that Plaintiff was taken to Neshoba General Hospital on May 30, 2013. The

remaining allegations contained in Paragraph 16 of the Second Amended Complaint are denied as stated.

17. It is admitted that Angel Crockett is a corrections supervisor for the Neshoba County Jail. The remaining allegations contained in Paragraph 17 are denied.

18. Defendants admit that Plaintiff was taken to Neshoba General Hospital on May 30, 2013 for evaluation. The remaining allegations contained in Paragraph 18 are denied as stated.

19. Defendants are currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and, therefore, the same are denied.

20. These Defendants admit that Plaintiff was under the custody and supervision of Neshoba County while he was housed at the Neshoba County Jail. The remaining allegations contained in Paragraph 20 of the Second Amended Complaint are denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## COUNT I

### VIOLATION OF CONSTITUTIONAL RIGHTS - NESHOBA COUNTY, MISSISSIPPI

27. Defendants adopt and incorporate by reference their responses to the foregoing paragraphs in response to Paragraph 27 and deny all liability.

28.     Defendants admit that 42 U.S.C. § 1983 says what it says, and all remaining allegations contained in Paragraph 24 of the Second Amended Complaint are denied.

29.     Denied.

30.     Defendants admit that Plaintiff had certain rights under the Fourteenth Amendment to the United States Constitution, and they deny they deprived Plaintiff of any such rights. The remaining allegations contained in Paragraph 30 of the Second Amended Complaint are denied.

31.     Defendants admit that Plaintiff had certain rights under the Fourteenth Amendment to the United States Constitution, and they deny they deprived Plaintiff of any such rights. The remaining allegations contained in Paragraph 27 of the Second Amended Complaint are denied.

32.     Denied.

33.     Denied as stated.

34.     Denied.

35.     Denied.

36.     Denied.

## COUNT II

### NEGLIGENT HIRING, TRAINING, AND SUPERVISION

37.     Defendants adopt and incorporate by reference their responses to the foregoing paragraphs in response to Paragraph 37 and deny all liability.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## COUNT III

### VIOLATION OF CONSTITUTIONAL RIGHTS - TOMMY G. WADDELL, JIMMY REID, NICK WALKER, HARVEY HICKMAN, BILLY GUESS, JOSH BURT, KEN SPEARS, AND ANGEL CROCKETT

46. Defendants adopt and incorporate by reference their responses to the foregoing paragraphs in response to Paragraph 46 and deny all liability.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## COUNT IV

### VIOLATION OF RIGHTS GUARANTEED TO THE PLAINTIFF BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

53. Defendants adopt and incorporate by reference their responses to the foregoing paragraphs in response to Paragraph 53 and deny all liability.

54.     Defendants admit that Plaintiff has certain rights under the Fourteenth Amendment to the United States Constitution, and they deny that they deprived Plaintiff of any such rights. All remaining allegations contained in Paragraph 50 of the Second Amended Complaint are denied.

55.     Denied.

## COUNT V

### VIOLATION OF ARTICLE 3, SECTION 14 AND SECTION 28 OF THE MISSISSIPPI CONSTITUTION

56.     Defendants adopt and incorporate by reference their responses to the foregoing paragraphs in response to Paragraph 56 and deny all liability.

57.     Paragraph 57 of the Second Amended Complaint does not contain allegations against Defendants and no response is required. To the extent the statements contained in Paragraph 53 may impute any liability to Defendants, they are denied.

58.     Denied.

59.     Denied.

60.     Denied.

## COUNT VI

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

61.     Defendants adopt and incorporate by reference their responses to the foregoing paragraphs in response to Paragraph 57 and deny all liability.

62.     Denied.

63.     Denied.

64.     Denied.

## COUNT VII

## GENERAL NEGLIGENCE

65. Defendants adopt and incorporate by reference their responses to the foregoing paragraphs in response to Paragraph 65 and deny all liability.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

## COUNT VIII

## PUNITIVE DAMAGES

72. Defendants adopt and incorporate by reference their responses to the foregoing paragraphs in response to Paragraph 72 and deny all liability.

73. Denied.

## PRAYER FOR RELIEF

In response to the last unnumbered paragraph of the Second Amended Complaint beginning with the phrase "WHEREFORE, Plaintiff sues . . .," Defendants deny that Plaintiff is entitled to the relief sought or any relief whatsoever from them, and they deny all liability in the premises.

**FOURTH DEFENSE**

AND NOW, having responded to the allegations of the the Second Amended Complaint, and having denied all liability in the premises, Defendants would show unto the Court the following special and affirmative matters:

### FIRST AFFIRMATIVE DEFENSE

Defendants deny each and every allegation in the Complaint by which the Plaintiff seeks to impose liability upon them.

### SECOND AFFIRMATIVE DEFENSE

At all times, these Defendants provided the Plaintiff with care, custody, and security which was, at a minimum, adequate under the standards of the Constitution of the United States, including the Fourteenth Amendment, as well as the Constitution and Laws of the State of Mississippi.

### THIRD AFFIRMATIVE DEFENSE

Defendants, at all times complained of herein, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and these Defendants are not guilty of any tortious conduct or omission. The actions taken by these Defendants were taken in good faith and in good faith reliance upon then-existing law.

### FOURTH AFFIRMATIVE DEFENSE

No rights, liberties, privileges, or constitutional rights were violated by these Defendants in any way. All applicable guidelines, rules, and policies were followed and complied with.

### FIFTH AFFIRMATIVE DEFENSE

These Defendants would affirmatively show that the sole proximate cause of the alleged damages and injuries of the Plaintiff, were the actions of the Plaintiff. Alternatively, the Plaintiff's

actions or omissions were a proximate contributing cause which must be dealt with according to the Mississippi Law of Comparative Negligence.

### SIXTH AFFIRMATIVE DEFENSE

These Defendants would affirmatively show that the incident in question and Plaintiff's injuries, if any, were caused by the acts or omissions of others, including but not limited to William Smith, for whom these Defendants have no liability or responsibility and specifically plead § 85-5-7 of the Mississippi Code of Civil Procedure.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity or absolute immunity from suit and/or liability herein. Defendants are entitled to, and hereby assert all rights, privileges, and immunities otherwise available to a governmental or state actors.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants would show that the factual allegations of the Second Amended Complaint, and the conduct complained of, do not violate any clearly established statutory or constitutional rights of Plaintiff, determined by the standard of objective reasonableness measured by reference to clearly established law.

### NINTH AFFIRMATIVE DEFENSE

At all times complained of, Defendants acted both reasonably and prudently and in the exercise of legitimate and lawful justification. Further, these Defendants' conduct, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983.

### TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Second Amended Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983 and/or § 1988, the Second Amended Complaint fails to state a claim upon which relief can be granted against these Defendants and should be dismissed with prejudice.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants possess immunity from Plaintiff's claims against them and specifically assert all rights, defenses, privileges, and immunities available to them under applicable state and federal law. Defendants invoke and assert all rights, privileges and immunities available unto them as set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive federal or state common law.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no loss or deprivation of any rights, privileges, or immunities afforded him by the United States Constitution or applicable federal or state law.

### THIRTEENTH AFFIRMATIVE DEFENSE

These Defendants cannot be held liable under 42 U.S.C. § 1983 under the theory of *respondeat superior*.

### FOURTEENTH AFFIRMATIVE DEFENSE

Additionally and/or alternatively, any damage, loss or deprivation to Plaintiff, if any, was not proximately caused by any official policy, practice or custom of Neshoba County, Mississippi. Plaintiff's alleged loss, damage or deprivation was not the proximate result of the execution of any official governmental policy, custom or practice attributable to these Defendants. The policies and procedures of Neshoba County, Mississippi, are consistent with clearly established law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants invoke and assert all protections, defenses and limitations and caps set forth in the Mississippi Tort Claims Act and the Mississippi Tort Reform Act, as codified in the Mississippi Code at § 11-46-1, et seq., and § 11-1-60.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to provide Defendants with proper notice of his state law claims as required by MISS. CODE ANN. § 11-46-11; as such, Plaintiff's state law claims asserted against these Defendants may be barred in whole or in part.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Second Amended Complaint purports to state a cause of action against Defendants based upon any state law theory, Defendants possess sovereign immunity pursuant to and as set forth in MISS. CODE ANN. § 11-46-1, *et seq*., by virtue of the performance of an inherently governmental and public function for which immunity has been recognized, historically, at common law, including but not limited to the immunity afforded Defendants under MISS. CODE ANN. § 11-46-9(1)(c), -(d), and -(m).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no right to trial by jury on any state law claims against these Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury, the same was *de minimus* and Plaintiff's claim must be dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiff has a duty to use reasonable care to mitigate his damages, and any damages that could have been mitigated by the use of reasonable care, and were not, are not recoverable.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The Plaintiff may have suffered from pre-existing conditions not caused or contributed to by the alleged acts or omissions of these Defendants, and such damages are not recoverable herein.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Punitive damages are not cognizable against these Defendants under Section 1983 or the Mississippi Tort Claims Act. The Defendants further invoke the safeguards of the equal protection and due process clauses of the United States Constitution, Article Three, Section Fourteen, of the Mississippi Constitution, the provisions of MISS. CODE ANN. § 11-1-65, § 11-46-15(2), and the Rooker-Feldman doctrine as a bar to recovery of punitive damages.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

These Defendants incorporate by reference any and all limitations regarding the enforceability and the constitutionality of punitive damages awards as set forth in *BMW of America v. Gore*, 116 U.S. 1589 (1996), and *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003). The imposition of punitive damages violates various articles and sections of the Mississippi Constitution and the United States Constitution including the due process clause, excessive fines, and the standards are not clear and, therefore, the imposition of punitive damages against this Defendant is constitutionally vague and overly broad and violates the 8th and 14th Amendments of the Constitution of the United States of America and Article 3 and various sections thereunder of the Mississippi Constitution. Further, certain damages sought by Plaintiff and the imposition thereof

would violate the 5th and 14th Amendments of the United States Constitution and the corresponding provisions of the Mississippi Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The allegations contained in the Second Amended Complaint may be barred by the applicable statute of limitations.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants plead credit or set off for any amounts paid to the Plaintiff with regard to his claims.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

All necessary parties needed for just adjudication under Rule 19 of the Federal Rules of Civil Procedure may not be joined.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their answer and defenses and plead any additional defenses which may become apparent following the completion of additional discovery and/or other investigation.

WHEREFORE, PREMISES CONSIDERED, Defendants Tommy Waddell, Jimmy Reid, Nick Walker, Harvey Hickman, Billy Guess, Angel Crockett, Josh Burt, and Ken Spears, individually and in their official capacities, and Neshoba County, Mississippi, deny that Plaintiff is entitled to any relief from them whatsoever, and respectfully request Plaintiff's Second Amended Complaint and this civil action against them be dismissed with prejudice, with all costs assessed against Plaintiff, together with such other relief as this Court deems proper.

Respectfully submitted, this 14th day of December, 2014.

          TOMMY WADDELL, JIMMY REID, NICK
          WALKER, HARVEY HICKMAN, BILLY GUESS,
          ANGEL CROCKETT, JOSH BURT, KEN
          SPEARS, AND NESHOBA COUNTY,
          MISSISSIPPI

         BY: /s/ *Roy A. Smith, Jr.*
           OF COUNSEL

         BY: /s/ *Steven J. Griffin*
           OF COUNSEL

ROY A. SMITH, JR. - BAR # 7599
rsmith@danielcoker.com
STEVEN J. GRIFFIN - BAR # 103218
sgriffin@danielcoker.com
DANIEL, COKER, HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI  39215-1084
TELEPHONE:  (601) 969-7607
FACSIMILE:  (601) 969-1116

## CERTIFICATE OF SERVICE

   I hereby certify that on December 14, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

   Robert O. Waller, Esq.
   bobwaller@wallerandwaller.com

   This the 14th day of December, 2014.

                /s/ *Steven J. Griffin*